**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Ned Morris,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>United States of America, et al.,<br><br>　　　　Defendants.<br>_____ | No. CIV 06-2058-PHX-SMM<br><br>**MEMORANDUM OF DECISION AND ORDER** |

Pending before the Court is the Motion to Dismiss (Doc. 6) filed by Defendants United States of America and Phoenix Indian Medical Center, pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C §§ 1346, 2671 et seq. Defendants contend that Phoenix Indian Medical Center should be dismissed from the suit because the United States of America is the only proper party in a lawsuit brought in accordance with the FTCA. Defendant United States of America also moves for a more definite statement pursuant to Fed.R.Civ.P.12(e).

## BACKGROUND

On August 25, 2006, Plaintiff filed a Complaint alleging medical malpractice under the FTCA. Plaintiff seeks money damages for personal injury caused by one or more of the following Defendants: Phoenix Indian Medical Center, its employees, agents and ostensible agents, Peter N. Giovan, M.D. (Dr. Giovan) or his medical practice.[1]

Plaintiff alleges that on or about March 7, 2003, he had a surgical repair of his left anterior cruciate ligament performed by Dr. Giovan at Phoenix Indian Medical Center. Plaintiff

---

[1] Despite the fact that the caption of the Complaint includes the United States of America as a Defendant, the Complaint contains no specific allegations of wrongdoing against the United States.

1  contends that he developed an infection as a result of the surgery and breaches of the standard
2  of care by Dr. Giovan, Phoenix Indian Medical Center, and/or its employees, agents and
3  ostensible agents.

4  On January 11, 2007, Defendants filed the pending Motion to Dismiss. According to the
5  record, Plaintiff is represented by counsel and has not filed a response to the motion. The time
6  in which the Plaintiff has to respond to a motion to dismiss without seeking leave from the
7  Court has expired. Therefore, the Court issues the following ruling.

## DISCUSSION

### I. Motion to Dismiss

#### A. Standard of Review

Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). A complaint may not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle [the plaintiff] to relief." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). If as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, under Rule 12(b)(6) a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. *See Neitzke*, 490 U.S. at 327. Dismissal may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir.1988).

A court may dismiss a claim either because it lacks "a cognizable legal theory" or because it fails to allege sufficient facts to support a cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). On a motion to dismiss for failure to state a claim, the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party. *Usher,* 828 F.2d at 561.

#### B. Motion to Dismiss Phoenix Indian Medical Center as a Defendant is Granted

It is well settled that the United States of America is immune from suit unless it has expressly waived its immunity and consented to be sued. *Gilbert v. DaGrossa*, 765 F.2ed 1455, 1458 (9th Cir. 1985). The FTCA waives sovereign immunity for actions in tort and provides a remedy for persons injured by the tortious conduct of an employee of the United States where the employee was acting within the scope of his office or employment.[2] *United States v. Orleans*, 425 U.S. 807, 813 (1976). Moreover, the FTCA is the exclusive remedy for tort actions against a federal agency. *Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998)(The United States is the only proper party defendant in an FTCA action. Because the plaintiff brought an FTCA action against a person and entity not subject to the FTCA, the district court properly dismissed the named defendants.)

In the instant case, Plaintiff has named the United States as well as Phoenix Indian Medical Center as Defendants. As it has been established that the United States is the only proper defendant in an FTCA action, the Court finds that Defendant Phoenix Indian Medical Center is not subject to the FTCA and is therefore an improper Defendant in this action. Accordingly, the Motion to Dismiss Phoenix Indian Medical Center as a Defendant is **GRANTED**.

**II.     Motion for a More Definite Statement**

**A.     Standard of Review**

A complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations. *Coleman v. Quaker Oats Company*, 232 F.3d 1271, 1292 (9th Cir. 2000). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that plaintiff's complaint set forth: "a short and plain statement of the claim showing that the pleader is entitled to relief." Notice to a defendant of the mere existence of grievance is not sufficient, the complaint must at least set forth enough details so

---

[2]Employees of the government include officers or employees of any federal agency. 28 U.S.C. § 2671.

- 3 -

as to provide defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery. *Self Directed Placement Corp. v. Control Data Corp.*, 908, F.2d 462, 466 (9th Cir. 1990).

If a pleading fails to specify the allegations in a manner that provides sufficient notice, prior to responding to the pleading, a defendant can move for a more definite statement under Rule 12(e). Rule 12(e) provides in pertinent part:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

Fed.R.Civ.P. 12(e).

### B.  Motion for a More Definite Statement is Granted

Defendants contends that Plaintiff's Complaint lacks sufficient specificity for Defendant United States of America to properly defend this case. Despite Plaintiff's allegation that he developed an infection as a result of breaches of the standard of care by Phoenix Indian Medical Center, its employees, agents and ostensible agents, Plaintiff failed to identify (1) the alleged act or omission, (2) when the alleged act or omission occurred, and (3) which Government employee(s) committed the alleged negligent act or omission. Consequently, Defendant is unable to discern who is allegedly responsible or what evidence is necessary to defend against Plaintiff's allegations.

Specifically, Plaintiff's lack of specificity as to the foregoing information may affect jurisdiction in this case. Essential to establishing jurisdiction is knowing who provided the care in order to determine if those providers were in fact "employees" of the Government. Liability under the FTCA is premised upon "negligent or wrongful ac or omission of any employee of the Government..." (28 U.S.C. § 1346(b). Defendant contends that it is possible that some or all of the health care providers involved in Plaintiff's medical care were not employees of the Government. Further, because a lawsuit filed under the FTCA is limited to those issues raised

in the administrative claim, Plaintiff must put Defendant United States on notice as to what alleged negligent act or omission forms the basis of the Complaint in order for Defendant to commence investigation and ensure compliance with FTCA. Finally, because the alleged act occurred either on or after March 7, 2003, Defendant United States contends that it may have defenses based on statutes of limitations. Consequently, the Court finds that in order for Defendants to assess whether certain defenses are available, determine whether Plaintiff's claims are in accordance with FTCA, and timely draft an answer or motion to dismiss, Plaintiff must amend its Complaint. The Amended Complaint shall identify the Government employees who allegedly breached the standard of care, identify the negligent acts or omissions that constituted the breach, and identify more precisely when the alleged negligent act or omission occurred.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Defendants' Motion to Dismiss Phoenix Indian Medical Center as a Defendant in this case and Motion for a More Definite Statement (Doc. 6).

**IT IS FURTHER ORDERED** that Defendant Phoenix Indian Medical Center is hereby dismissed from this case.

**IT IS FURTHER ORDERED** that Plaintiff has until **Friday, April 20, 2007** to file an Amended Complaint.

DATED this 6th day of April, 2007.

Stephen M. McNamee
United States District Judge

- 5 -