**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ned Morris, | No. CIV 06-2058-PHX-SMM |
| Plaintiff, | **MEMORANDUM OF DECISION AND ORDER** |
| vs. | |
| United States of America, et al., | |
| Defendants. | |

Pending before the Court is the Second Motion for a More Definite Statement (Doc. 12) filed by Defendant United States of America pursuant to Fed.R.Civ.P.12(e). Defendant United States of America contends that Plaintiff failed to comply with this Court's Order of April 9, 2007, (Doc. 7), which granted its previous Motion for a More Definite Statement (Doc. 6).

**BACKGROUND**

On August 25, 2006, Plaintiff filed a Complaint alleging medical malpractice pursuant to the FTCA. On January 11, 2007, Defendants filed a Motion to Dismiss Phoenix Indian Medical Center and a Motion for More Definite Statement as to Defendant United States. In the Motion for More Definite Statement, Defendant United States argued that although the caption of the Plaintiff's Complaint included the United States of America as a Defendant, the Complaint contained no specific allegations of wrongdoing against the United States. More specifically, Plaintiff merely alleged that he developed an infection as a result of breaches of the standard of care by Phoenix Indian Medical Center and/or its employees, agents and

ostensible agents. However, Plaintiff failed to identify 1) the alleged negligent acts or omissions, 2) when the alleged acts or omissions occurred, and 3) which Government employee(s) committed the alleged negligent acts or omissions.

On April 9, 2007, this Court granted the Motion to Dismiss Defendant Phoenix Indian Medical Center from the lawsuit and the Motion for a More Definite Statement. Consequently, the Court ordered Plaintiff to amend his Complaint by April 20, 2007. Therein, Plaintiff was specifically ordered to (1) identify the government employees who allegedly breached the standard of care, (2) identify the negligent acts or omissions that constituted the breach, and (3) identify more precisely when the alleged negligent acts or omission occurred. On April 19, 2007, Plaintiff filed his First Amended Complaint. However, as Defendant's counsel accurately points out, the only difference between Plaintiff's First Amended Complaint and Plaintiff's original Complaint, is that Plaintiff's counsel has deleted Phoenix Indian Medical Center from the caption and from paragraphs 1, 4, 8 and 9.[1]  Clearly, Plaintiff's First Amended Complaint (Doc. 8) does not comply with this Court's Order of April 9, 2007 (Doc. 7). Plaintiff's First Amended Complaint does not identify the government employees who allegedly breached the standard of care nor does it identify the negligent acts or omissions that constituted the breach. It also fails to identify more precisely when the alleged negligent acts or omissions occurred.

## DISCUSSION

### I. Motion for a More Definite Statement

#### A. Standard of Review

A complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations. *Coleman v. Quaker Oats Company*, 232 F.3d 1271, 1292 (9th Cir. 2000). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that plaintiff's complaint set forth: "a short and plain statement of the claim showing that the pleader is entitled to relief." Notice to a defendant of the mere existence of

---

[1] Plaintiff also substituted the United States for Phoenix Indian Medical Center in paragraph 9.

- 2 -

1  grievance is not sufficient, the complaint must at least set forth enough details so as to provide
2  defendant and the court with a fair idea of the basis of the complaint and the legal grounds
3  claimed for recovery. *Self Directed Placement Corp. v. Control Data Corp.*, 908, F.2d 462, 466
4  (9th Cir. 1990).

5  If a pleading fails to specify the allegations in a manner that provides sufficient notice,
6  prior to responding to the pleading, a defendant can move for a more definite statement under
7  Rule 12(e). Rule 12(e) provides in pertinent part:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

Fed.R.Civ.P. 12(e).

### B.    Motion for a More Definite Statement is Granted

Defendant contends that Plaintiff's Complaint lacks sufficient specificity for Defendant United States of America to properly defend this case. Despite Plaintiff's allegation that he developed an infection as a result of breaches of the standard of care by Defendant, its employees, agents and ostensible agents, Plaintiff has once again failed to identify (1) the alleged act or omission, (2) when the alleged act or omission occurred, and (3) which Government employee(s) committed the alleged negligent act or omission. Consequently, Defendant remains unable to discern who is allegedly responsible or what evidence is necessary to defend against Plaintiff's allegations.

It is critical to the Defendant's assessment of whether certain defenses are available, the determination of whether Plaintiff's claims are in accordance with FTCA, and the ability to draft a timely response, that Plaintiff properly amend its Complaint.[2] Therefore, the Second Amended Complaint shall identify the Government employees who allegedly breached the standard of care, identify the negligent acts or omissions that constituted the breach, and identify

---

[2] *See* this Court's Order entered April 9, 2007. (Doc. 7).

more precisely when the alleged negligent act or omission occurred.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Defendant's Motion for a More Definite Statement (Doc. 12).

**IT IS FURTHER ORDERED** that Plaintiff has until **Monday, June 4, 2007** to file a Second Amended Complaint.

DATED this 22nd day of May, 2007.

Stephen M. McNamee
United States District Judge