**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ned Morris, | No. CIV 06-2058-PHX-SMM |
| Plaintiff, | **MEMORANDUM OF DECISION AND ORDER** |
| vs. | |
| United States of America, et al., | |
| Defendants. | |

Pending before the Court is the Motion to Reinstate the civil action filed by Plaintiff against Defendant Peter N. Giovan, M.D. ("Dr. Giovan") (Doc.20).[1] Plaintiff requests that his case be reinstated because his state law claims have been barred in state court by the two year statute of limitations. More specifically, Plaintiff requests that this Court "accept pendent jurisdiction over its state law claims against Dr. Giovan and reinstate his cause of action."

## BACKGROUND

On August 25, 2006, Plaintiff filed a Complaint alleging medical malpractice under the Federal Tort Claims Act (FTCA), 28 U.S.C §§ 1346, 2671 et seq. Plaintiff sought money damages for personal injury allegedly caused by one or more of the following Defendants: Phoenix Indian Medical Center, its employees, agents and ostensible agents, Peter N. Giovan,

---

[1] Plaintiff's counsel is advised to review the Local Rules of this Court. More specifically, counsel shall pay particular attention to the filing requirements pursuant to LRCiv 7.1. Failure to comply with the local rules will result in the Court striking any documents not in compliance with the Rules.

M.D., or his medical practice.

Plaintiff alleges that on or about March 7, 2003, he had a surgical repair of his left anterior cruciate ligament performed by Dr. Giovan at Phoenix Indian Medical Center. Plaintiff contends that he developed an infection as a result of the surgery and breaches of the standard of care by Dr. Giovan, Phoenix Indian Medical Center, and/or its employees, agents and ostensible agents.

On March 7, 2003 Plaintiff underwent orthopedic surgery performed by Defendant Dr. Giovan at Pima Indian Medical Center. On September 21, 2004, Plaintiff filed a lawsuit in the Superior Court of Arizona for Maricopa County, alleging that he was injured as a result of the March 7, 2003, surgery. Thereafter, on August 25, 2006, Plaintiff filed a complaint in this Court, naming the United States of America, Pima Indian Medical Center, and Peter N. Giovan, M.D., as defendants liable for the alleged injuries that occurred as a result of the March 7, 2003, surgery. On November 3, 2006, Assistant U.S. Attorney Cole Hernandez wrote to Mr. Lewin, confirming an extension to answer or otherwise respond to Plaintiff's Complaint until December 6, 2006, and advising that, by that time, he should know whether Dr. Giovan was a government employee or an independent contractor. Accordingly, on December 6, 2006, Assistant U.S. Attorney Cole Hernandez submitted a memorandum to Attorney Lewin specifically indicating that Dr. Giovan was not a U.S. employee but, rather, an independent contractor under a nonpersonal services contract between Dr. Giovan's employer, Medical Professionals of Arizona and Pima Indian Medical Center.

On January 11, 2007, Defendant United States of America filed a Motion to Dismiss Phoenix Indian Medical Center and a Motion for More Definite Statement in this Court. On March 1, 2007, Plaintiff filed a Second Complaint in the Superior Court of Arizona, Maricopa County, alleging injuries as a result of alleged negligence by Dr. Giovan during the March 2003, surgery. On March 14, 2007 Attorney Cagnetto emailed Attorney Lewin indicating that the case would likely proceed in Federal Court and that conversations were ongoing with Assistant

U.S. Attorney Hernandez. The e-mail also referenced the best way to serve Dr. Giovan, who was never properly served in the Federal Court lawsuit.[2] On April 9, 2007, this Court granted the Motion to Dismiss Phoenix Indian Medical Center from the lawsuit and granted the Motion for a More Definite Statement, ordering Plaintiff to file an amended complaint by April 20, 2007. This Court specifically ordered Plaintiff to identify the government employees who allegedly breached the standard of care and to identify the negligent acts or omissions that constituted the breach.

On April 9, 2007, Ms. Bittner, assistant to Attorney Lewin, emailed Attorney Cagnetto attaching a copy of the Federal Court's minute entry and advising that Plaintiff prefers to proceed in **state court**. Shortly thereafter, on April 19, 2007, Plaintiff filed a First Amended Complaint in Federal Court deleting Phoenix Indian Medical Center as a named defendant but failing to identify any employee of the government whose acts or omissions were alleged to be in breach of the standard of care. Consequently, on May 22, 2007, this Court granted the Motion for a More Definite Statement and ordered Plaintiff to file a Second Amended Complaint no later than June 4, 2007.

It was then agreed on May 22, 2007, that the case would proceed in state court; therefore, confirmation was sent that the Waiver of Service for the state court action would be signed. On May 29, 2007, the Waiver of Service for Dr. Giovan was signed and sent to Attorney Lewin, and on May 31, 2007, Attorney Lewin filed the Notice of Filing Waiver of Service of Summons. On June 18, 2007, an Answer was filed in State Court on behalf of Dr. Giovan. Finally, on October 12, 2007, this Court dismissed the case in federal court for Plaintiff's failure to file the court-ordered Second Amended Complaint by June 4, 2007.

---

[2] On April 2, 2007, Waiver of Service forms were sent by Ms. Bittner, assistant to Attorney Lewin, to Attorney Cagnetto for both the Federal and State Court actions pending the decision as to the forum in which the litigation would proceed.

- 3 -

**DISCUSSION**

Plaintiff requests that this Court reinstate an action in federal court based on the fact that the state court claims were dismissed because of Plaintiff's failure to file his action within the applicable Statute of Limitations. Plaintiff contends that the Court should "accept pendent jurisdiction because otherwise Plaintiff will be unfairly denied a forum to address his claim against Dr. Giovan." After careful consideration of the record in this 2006 case, the Court finds that Plaintiff had ample time and opportunity to ensure a proper forum would be available for Plaintiff's claims to be heard.  However, instead of heeding this Court's orders and exhausting all of its options, Plaintiff chose to risk dismissal in federal court by failing to comply with this Court's orders and by pursuing his claims solely in state court. Consequently, Dr. Giovan has already had to defend his case in state court, albeit only to the point of summary judgment, based strictly on the voluntary decision of the Plaintiff.  To permit Plaintiff to reinstate his (state) cause(s) of action at this point in time would essentially reward him for noncompliance with court orders and would promote dilatory actions on the part of plaintiffs that result in unfair prejudice to defendants in general.

Moreover, the basis for which Plaintiff seeks reinstatement of his federal action is pendent jurisdiction. However, according to Defendant Dr. Giovan, Plaintiff's claims are not pendent claims, and because they were at no point properly before this court, they should not be reinstated.  Defendant's point is well taken.

Pendent jurisdiction allows a federal court to retain jurisdiction over a state claim whenever a state claim emerges from the same facts as a *properly heard* federal question claim. The main reason for pendent jurisdiction is judicial economy so that a litigant is not required to litigate essentially the same claims in two distinct and separate forums. Rather, when a proper and viable federal question is before a federal court and a state court issue emerges from the same set of facts, the federal court is permitted to consider the state court claim as well as the federal claim. *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

- 4 -

In the instant case, Plaintiff's only allegation of negligence in the federal case derived solely from the allegations as to Dr. Giovan[3]. On two occasions this Court specifically ordered Plaintiff to identify any federal government employees whose actions were alleged to be in breach of the standard of care.  Both times, Plaintiff failed to comply with this Court's order, failing to identify the federal government employees who allegedly breached the standard of care. Plaintiff further failed to comply with this Court's order by failing to identify the alleged negligent acts or omissions that constituted the breach and by failing to identify when the alleged negligent acts or omissions occurred, as directed by this Court's orders. Failing to do so left Plaintiff without any viable federal claims to present to the Court.  Thus, without a proper federal question claim presented to the Court, this Court lacked subject matter jurisdiction and the lawsuit was properly dismissed.[4]

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED DENYING** Plaintiff's Motion to Reinstate the civil action filed by Plaintiff against Defendant Peter N. Giovan, M.D. (Doc.20).

**IT IS FURTHER ORDERED** that this case shall remain closed.

DATED this 27th day of March, 2008.

Stephen M. McNamee
United States District Judge

---

[3] Plaintiff was aware as of December 6, 2006, that Dr. Giovan was not a federal government employee

[4] Dr. Giovan was never properly served in the federal court lawsuit. Therefore, this court does not have personal jurisdiction over Dr. Giovan at this time.

- 5 -